52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 AMWEST SURETY INSURANCE COMPANY, a California corporation;
Far West Insurance Company, a California corporation;
Gonzales & Gonzales Bonds and Insurance Agency, a California
General Partnership Plaintiffs/Counterdefendants/Appellants,
v.
Janet RENO, Attorney General, United States Department of
Justice; Immigration and Naturalization Service, United
States Department of Justice; Mryta K. Sales, acting
Commissioner Immigration and Naturalization Service, United
States Department of Justice; District Director,
Immigration and Naturalization Service, United States
Department Justice; United States of America,
Defendants/Counterclaimants/Appellees.
 No. 93-56625.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1995.
Decided April 18, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Amwest Surety Insurance, Far West Insurance, and Gonzales and Gonzales Bonds and Insurance Company, appeal the district court's denial of their motion for a preliminary injunction. Amwest maintains that the district court erred in denying the preliminary injunction because by refusing to accept their bonds, the INS violated their due process rights. The government maintains that the appeal is moot, that Amwest will not suffer irreparable harm if an injunction does not issue, and that Amwest does not have any protected property interest that could give rise to a due process claim.
 
 
 4
 We review the district court's denial of a preliminary injunction to determine whether "the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Miller v. California Pac. Medical Center, 19 F.3d 449, 455 (9th Cir.1994) (en banc). We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm
 
 I. MOOTNESS
 
 5
 Because the INS is now accepting Amwest's surety bonds, the government contends that the appeal is moot. We disagree. The controversy between the INS and Amwest remains alive and both parties have a legally cognizable interest in the outcome. See Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1281 (9th Cir.1994). The INS voluntarily began accepting Amwest's bonds again and is free to re-institute its practice of flatly refusing to accept Amwest's bonds at any time. See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). The appeal is thus not moot.
 
 II. THE PRELIMINARY INJUNCTION
 
 6
 In order for the district court to have granted the preliminary injunction, Amwest must have demonstrated inter alia, "a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). If Amwest is ultimately successful, it can get its money back and be made whole by money damages. Issuing a preliminary injunction, therefore, will only prevent purely economic harm. Economic injury, by itself, does not constitute irreparable harm. See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir.1991) ("economic injury alone does not support a finding of irreparable harm ...").[1] The district court thus did not err in denying Amwest's motion for a preliminary injunction, because if the injunction does not issue, Amwest will not suffer any irreparable harm.
 
 
 7
 Because we are affirming on the ground of lack of irreparable injury, we decline to reach the issue of whether Amwest has a property right in its certificate of authority.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We reject Amwest's argument that economic harm constitutes irreparable injury when a property right protected by the Constitution has been impaired. Amwest has offered no authority in support of its contention. Economic harm frequently constitutes a deprivation of property, but it is nevertheless fully compensable by recovery of damages